Filed 6/23/25  P. v. Cid CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME CID,<br><br>    Defendant and Appellant. | 2d Crim. No. B334916<br>(Super. Ct. No. 23CR03394)<br>(Santa Barbara County) |

Appellant Jaime Cid challenges the trial court's denial of her *Romero*[1] motion, arguing recent amendments to Penal Code section 1385[2] apply to a trial court's discretion to dismiss a defendant's prior strikes.  We disagree and will affirm.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[2] Further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and her boyfriend were arguing in a Walmart parking lot when appellant began slashing the tires of her boyfriend's car. He called 911, and appellant lunged at him with a knife. He sustained a minor break to his skin.

Appellant was charged by information with one count of assault with a deadly weapon (§ 245, subd. (a)(1)) (count 1), and one count of vandalism (§ 594, subd. (a)) (count 2). She was convicted by jury of assault with a deadly weapon and it was found true she was armed with a weapon at the time of the crime. (Cal. Rules of Court, Rule 4.421, subdivision (a)(2).) The jury deadlocked on count 2, the court declared a mistrial as to that count, and the prosecution moved to dismiss the count.

Appellant waived her right to a jury deciding her prior convictions. The court found proof beyond a reasonable doubt that she has numerous prior convictions (Cal. Rules of Court, rule 4.421, subd. (b)(2)), served a prior term in prison (*id.*, subd. (b)(3)), and was on probation when the crime was committed (*id.*, subd. (b)(4)).

Appellant's motion for reduction of the charge from a felony to a misdemeanor pursuant to section 17, subdivision (b) was denied. Appellant's *Romero* motion to dismiss the strike priors for sentencing was denied on the basis that section 1385, subdivision (c), does not apply to strike priors.

The trial court sentenced appellant to 25 years to life based on the two prior strike offenses (§ 667, subd. (e)(2)(A)), imposed a reduced restitution fine of $1,000, and a parole revocation fine of $1,000. Appellant was credited with 254 days of pre-sentence custody, 254 additional credits, and 42 days of milestone credits, for a total of 550 days credit.

DISCUSSION

Appellant contends the trial court abused its discretion in denying her *Romero* motion because recent amendments to section 1385 should not be construed in a narrow, technical sense as applying only to enhancements, but should be interpreted as applying to prior strikes as well. We reject this claim.

Whether section 1385, subdivision (c), applies to the court's decision to dismiss prior strike convictions within the meaning of the Three Strikes law is a question of statutory interpretation we review de novo. (*People v. Burke* (2023) 89 Cal.App.5th 237, 242 (*Burke*).) Where a statute's language is clear and unambiguous, a court presumes the Legislature meant what it said, and the statute's plain meaning controls. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) "'[W]hen a word used in a statute has a well-established *legal* meaning, it will be given that meaning in construing the statute.' [Citations.]" (*People v. Olay* (2023) 98 Cal.App.5th 60, 65.)

Amendments to section 1385 which took effect on January 1, 2022, provide guidance regarding the trial court's discretion to dismiss sentence enhancements in the furtherance of justice. (*Burke*, *supra*, 89 Cal.App.5th at pp. 242-243.) Subdivision (c) of section 1385 now provides, "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the

3

enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c).)

Section 1385, subdivision (c) expressly applies to the dismissal of "an enhancement" in the furtherance of justice. The "Three Strikes" law is not an enhancement, it is an alternate sentencing scheme. (*Romero, supra*, 13 Cal.4th at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744.)

Citing *Arden Carmichael, Inc. v. County of Sacramento* (2000) 79 Cal.App.4th 1070, appellant argues section 1385, subdivision (c) contains a "latent ambiguity" we must resolve by reading the law in a manner consistent with the Legislature's true intention. "'"[A] latent ambiguity is said to exist where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic evidence creates a necessity for interpretation or a choice among two or more possible meanings."'" (*Id*., at p. 1075.) *Arden Carmichael* cautioned, "[o]ur duty is not to twist words to substitute our own judgment for that of the voters; it is to determine and apply the intent of the people . . . ." (*Id*., at p. 1076.) We do not conclude the legislative history "clearly" shows lawmakers intended section 1385, subdivision (c) to apply to strikes.

As the court explained in *Burke*, "We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning . . . . [Citation.] The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,'

4

and the Three Strikes law is not an enhancement.  We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law."  (*Burke*, *supra*, 89 Cal.App.5th at pp. 243-244.)

Appellant urges us to disagree with *Burke* and conclude the Legislature intended the amended section 1385 to apply to sentencing under the Three Strikes law.  We decline.  The Legislature amended section 1385 against the backdrop of settled precedent defining the terms "enhancement" and "strike."  Yet it expressly limited its amendment of subdivision (c) to enhancements, without including any reference to strikes.  We presume the Legislature was aware of the legal context in which it was operating and "acquiesced in the previous judicial construction" of those terms.  (*People v. Blakeley* (2000) 23 Cal.4th 82, 89.)

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Stephen Foley, Judge
Superior Court County of Santa Barbara
_____

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Lauren Sanchez, Deputy Attorney General, for Plaintiff and Respondent.